EDWARDS, Judge.
Plaintiff, John Wendell Prater, instituted this tort action to recover damages for personal injuries which he allegedly suffered while repairing a salt mixing tank owned and operated by his employer. Named as defendants were the Babcock and Wilcox Company, manufacturer of the mixing tank, and a number of co-employees of the plaintiff. Paragraph 15 of plaintiff’s petition made the following allegations with respect to the liability of these co-employees:
*818 “15
Petitioner alleges that the proximate causes of the accident described above and damages suffered were the negligence and/or intentional act of the following supervisors and/or executive officers of Georgia Pacific Corporation:
A) Randy Thornton, superintendent of the steam department;
B) James Millican, superintendent, steam department;
C) Arlie Henry, shift supervisor;
D) Dudley Grantham, plant manager; and
E) Walter Bradley, safety supervisor, all of whom had full and intimate knowledge of the unsafe condition of said salt cake mixing tank recovery unit and boiler area and the task to be performed by petitioner, itemized particularly but not exclusively, in the following respects:
A) Negligently failing to control the flow of steam and liquid through the pipes of the salt cake mixing tank which caused petitioner’s injuries complained herein;
B) Failing to warn petitioner of the danger of sudden flash fires or explosion of the gases in the salt cake mixing tank;
C) Failing to inspect and take proper safety measures to protect petitioner from said such (sic) explosions;
D) Failing to see that proper safety rules were adopted, promogated (sic) and endorced (sic);
E) Failure to properly utilize the existing safety procedures to protect the petitioner;
F) Failing to approve the manner, equipment and methods used in performing the work where hazards were involved; and
G) Failing to see that petitioner and other employees work in a proper, safe and workmanlike manner and that they were given a proper and safe place to perform their work.”
The defendant co-employees filed a motion for summary judgment based on the tort immunity provided to co-employees by the workmen compensation laws. In support of the motion, each defendant co-employee filed an affidavit avowing that insofar as his alleged involvement in the accident was concerned, he had no desire to injure Prater in any way, nor did he believe that the accident sued upon was substantially certain to result from any action on his part.
The trial court granted summary judgment on behalf of the co-employee defendants and dismissed plaintiff’s suit as to them. Plaintiff has appealed, contending that the motion for summary judgment was improperly granted.
Motions for summary judgment are authorized by LSA-C.C.P. art. 966. That article provides as follows:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
LSA-R.S. 23:1032 provides that an injured employee’s right to workmen compensation benefits precludes the right to recover from, among others, his co-employees. An exception to this immunity, however, is created in the event of an intentional act. In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court clarified the construction and interpretation of the “intentional act” exception to co-employee immunity from civil liability:
*819 “For these reasons, we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.” 397 So.2d at 482.
Defendants’ affidavits showed that their alleged involvement in plaintiff’s accident did not come within the scope of the intentional act exception. In brief, counsel for plaintiff concedes that these affidavits, if uncontradicted, would have removed defendants from the “intentional act” exception and would have entitled them to summary judgment as a matter of law. However, plaintiff alleges that these affidavits were not uncontested because they were countered by plaintiff’s own affidavit submitted in opposition to the motion for summary judgment. Plaintiff represents that his affidavit alleged that defendants had full knowledge of the unsafe nature of the task to be performed by plaintiff and that the accident was caused by their intentional acts in placing plaintiff in a known dangerous situation.
Plaintiff’s affidavit does not appear in the record. Therefore, we need not consider whether it would have had the effect of creating a genuine issue as to material fact and of defeating defendants’ right to a summary judgment. Trial court judgments are presumed to be correct and items of evidence missing from the record are presumed to support the judgment of the trial court. Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir. 1981); DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir. 1980); United Pentecostal Church v. Interstate Surplus, 368 So.2d 1104 (La.App. 2nd Cir. 1979).
The only affidavits which appear in the record are those of defendants. As counsel for plaintiff has admitted, they establish plaintiff’s right to a summary judgment. Plaintiff’s affidavit is not in the record and this court cannot review what is not before it.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be paid by plaintiff.
AFFIRMED.