THOMAS C. WICKER, Jr., Judge Pro Tern.
This appeal arises from a summary judgment granted in favor of defendants, International Salt Company (International) and James Gustafson. The summary judgment was filed by defendants in response to an action for intentional tort brought by plaintiff, Oliver John Dugas, for injuries he sustained while in the course and scope of his employment with International.
International operates salt mines on Avery Island. On September 5, 1982, Du-gas, another employee, Melvin Spencer, and their supervisor, James Gustafson, were ordered to move a “run under cutter” machine from one area in a salt mine to another area approximately one mile away. Dugas and Spencer were employed as developers, and their job was to operate the cutter and other pieces of equipment as needed. The cutter is a large piece of mobile equipment used to cut into the salt wall of a mine at floor level.
Powered by electricity which drives its hydraulic motors, the cutter is designed to be self-propelled. However, this machine was in poor condition due to improper maintenance. Although its’ cutting mechanism functioned, it could not be driven and its brakes were inoperable. Thus, in order to move the cutter from one place to another, it was necessary to attach it to a “front end loader,” another piece of self-propelled equipment used in the mines. This was accomplished by connecting with a wire cable the bucket located at the front of the loader to the drill protruding from the cutter. The loader was then driven backwards pulling the cutter up a steep slope that was slippery with salt residue.
Prior to commencement of the operation, Dugas and Spencer had a dispute with their supervisor, Gustafson, regarding the proper way to attach the cutter to the front end loader. Gustafson prevailed, the cutter was secured and the operation to move the cutter commenced.
During the towing process, Dugas occupied the cutter, Spencer drove the loader and Gustafson remained behind to observe the equipment’s progress up the slope. Shortly after the two machines began to travel up the incline, the connecting cable broke, causing the cutter to roll down the slope at an increasing speed. The injuries to Dugas occurred when he jumped from his seat on the cutter because he feared for his safety. He twisted his body when he landed, thereby injuring his knee and back.
Subsequently, Dugas filed suit against International and Gustafson to recover damages for his injuries based on the intentional tort exception to the workers compensation statute. (LSA-R.S. 23:1032). After depositions had been obtained from Dugas, Spencer and Gustafson, International and Gustafson filed a motion for summary judgment. Thereafter, Dugas *482 filed a motion to continue the hearing of the motion for summary judgment on the basis that International had failed to respond to a motion to produce documents vital to the claim. The motion to continue the hearing was denied by the trial judge and Dugas’s suit was dismissed.
In his appeal from the judgment, Dugas asserts that the trial court erred in granting the motion for summary judgment because the facts of the case bring it within the exception to the workers compensation statute, because a genuine issue of material fact exists regarding the defendants’ intent, and because the judgment was premature in view of the failure of International to respond to his motion to produce documents vital to the claim. International and Gustafson argue that the action was properly dismissed on the motion for summary judgment because the pleadings, depositions and other documents reveal that defendants’ actions were not intentional under the definition of Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Under Louisiana’s workers compensation statute, an employee’s exclusive remedy for work related injuries is workers compensation, with the exception of intentional acts. LSA-R.S. 23:1032. An intentional act in this context means that the defendant desired to bring about the physical results, or believed the physical results were substantially certain to follow from his act. Bazley, supra. Although an employee’s allegation of fact may be sufficient to show negligence on the part of the employer or co-employee, where the facts are insufficient to show an intentional tort, as defined in Bazley, summary judgment is proper since the employee’s exclusive remedy is workers compensation. Boudreaux v. Verret, 422 So.2d 1167 (La.App. 3rd Cir.1982).
In his first assignment of error, Dugas argues that the facts surrounding this accident meet the Bazley definition of intent. He argues that the depositions clearly reveal that International knew and was unconcerned about the cutter’s faulty condition. In particular, he asserts that the accident would not have occurred if the cutter’s brakes were operating properly. Conversely, International and Gustafson argue that the condition of the cutter was not the cause of the accident. The defendants claim that the sole cause of Dugas’s injuries was the fact that the wire cable disconnected under the stress of moving the equipment.
The undisputed facts show that the employees working in the mine with the cutter complained about the condition of the equipment on a weekly basis. However, the testimony of both Spencer and Gustaf-son discounted the importance of the brakes in preventing the accident. Both claimed that, even if the brakes had been functioning, they would not have worked while the cutter was being towed. Gustaf-son explained that the brake system on that type of machinery is hydraulic and is powered by electricity. He stated that since the cutter was being transported to an area more than one mile from its initial location and electrical power was not available, Dugas would not have been able to use the brakes, in any event. He admitted, however, that had the transmission been operative, Dugas may have been able to slow the descent of the cutter by placing it into gear.
After reviewing the deposition testimony of the witnesses, we agree with defendants that the faulty brakes were not the cause of the accident. Thus, we do not find that this allegation by Dugas forms a basis for reversal of the summary judgment.
Dugas next alleges that the summary judgment was improperly granted because the question of intent has not been resolved and because defendants failed to produce documents having a critical bearing on this issue. International and Gus-tafson argue that the question of intent and the information requested in the motion for production of documents have been *483 answered substantially in the depositions of Spencer, Gustafson and Dugas.
The record shows that Dugas’ request for production of documents sought to discover the maintenance record and any and all safety meeting reports regarding the maintenance of the salt cutter in question. The depositions clearly showed that the employees consistently complained about the cutter’s poor condition, and that International’s repair of faulty equipment was substandard or nonexistent, insofar as nonessential mechanical breakdowns were concerned. However, it was not the cutter that caused the accident. Thus, the documents requested by Dugas would be of little value in determining the requisite intent required for intentional tort since it was the broken cable which created the situation in which Dugas was injured. In that regard, all the witnesses agreed that the cable was new and had been cut to their specifications in the machine shop. Although Dugas and Spencer disagreed with Gustafson about the correct manner in which to attach the cable, none of the witnesses anticipated that the cable would break. Furthermore, Dugas and Spencer testified that Gustafson did not intend to harm Dugas by ordering them to tie the cable onto the equipment in the manner he preferred. Given these facts, we are convinced, as was the trial court, that a continuance for further discovery was unnecessary, and that intent as defined by the Louisiana Supreme Court in Bazley, is absent in this case. Consequently, we find that the trial judge did not err in granting the motion for summary judgment, as the record reflects no genuine issue of material fact and the movers, International and James Gustafson, are entitled to judgment as a matter of law. L.S.A.-C.C.P. 966.
Accordingly, after a review of the law and evidence, the judgment of the trial court is hereby affirmed.
Costs to be paid by appellant.
AFFIRMED.