527 So.2d 603 (1988)
Brian C. BOURGEOIS, Plaintiff-Appellant,
v.
Randy R. JORDAN, et al., Defendants-Appellees.
No. 87-325.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Bolen & Erwin, Robert L. Bussey, Alexandria, for plaintiff-appellant.
Malcom Decelle, Jr., Monroe, Wendy Tate, Lafayette, for defendants-appellees.
Before DOMENGEAUX, STOKER and KING, JJ.
KING, Judge.
The sole issue on appeal is whether or not the trial court erred in granting a defendant's *604 Motion For Summary Judgment dismissing plaintiff's suit for damages against the defendant.
Brian C. Bourgeois (hereinafter plaintiff) was working alone late at night in the fast food store of his employer, Couvillion Pay-Less, Inc. (hereinafter defendant), when two people entered, announced it was a holdup, and then shot the plaintiff in the face with a large caliber handgun. Plaintiff was severely injured and began collecting worker's compensation benefits and medical payments. Thereafter, plaintiff sued his attackers, the parents of one of his attackers, the owner and manufacturer of the gun, and the defendant. Plaintiff alleged that the failure of defendant to adequately protect the work place from such attacks was an intentional tort, a recognized exception under this state's worker's compensation laws, which permitted him to sue his employer for damages sustained in the course and scope of employment. Defendant filed a Motion for Summary Judgment alleging there was no genuine issue of material fact or law as to whether or not the defendant had committed an intentional tort. The trial judge rendered judgment dismissing plaintiff's suit as to the defendant and the plaintiff appealed. We affirm.

FACTS
On December 28, 1983, plaintiff was employed by Couvillion Pay-Less, Inc. at its fast food store located on Highway 1 near Mansura, Louisiana. Plaintiff was in the fast food store at night when Randy R. Jordan and Ray Pommier, Jr. walked into the store, announced it was a holdup, ordered plaintiff to put his hands up, and then shot plaintiff in the face.
Plaintiff suffered massive injuries to the face and skull and as a result of the injuries he began to receive worker's compensation benefits and medical benefits. Plaintiff is continuing to receive these worker's compensation benefits. On December 27, 1984, one day short of a year from the incident, plaintiff filed suit for damages naming his employer and others as defendants. The basis of the suit against defendant was the alleged intentional tort of the defendant of failing to provide a safe, appropriate and adequate place for plaintiff to work. The plaintiff's suit further alleged that the defendant knew or should have known that criminal actions of robbery were substantially certain to occur. On January 5, 1987, defendant filed a Motion For Summary Judgment alleging there was no genuine issue of material fact as to the issue of an intentional tort. On February 5, 1987, the trial court granted the summary judgment in favor of the defendant, dismissing plaintiff's claim as to the defendant. Plaintiff timely appeals.

LAW
LSA-R.S. 23:1032 reads in part:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ...
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." (Emphasis ours.)
As the Louisiana Supreme Court observed in Caudle v. Betts, 512 So.2d 389 (La.1987), at page 390:
"In interpreting the statute, this court has held that compensation shall be an employee's exclusive remedy against his employer for an unintentional injury covered by the act, but that nothing shall prevent an employee from recovering from his employer under general law for an intentional tort. Bazeley v. Tortorich, 397 So.2d 475 (La.1981)."
Louisiana courts have defined "intentional act" for purposes of exception to exclusivity of the Louisiana worker's compensation remedy as an act whereby the defendant desired to bring about the result that followed or believed that result was substantially *605 certain to follow his act. Bazley v. Tortorich, supra; Dugas v. International Salt Co., 489 So.2d 480 (La.App. 3 Cir. 1986); Babin v. Edwards, 456 So.2d 659 (La.App. 1 Cir.1984), writ den., 460 So.2d 604 (La.1984); McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3 Cir.1980), writ den., 397 So.2d 1364 (La.1981).
Plaintiff claims that because of the defendant's choice of lighting (in and out of the store), electing to have a sole employee on duty, and knowing that at least one prior robbery had occurred at the store, that the defendant knew or should have known of the substantial certainty of an armed robbery occurring at the store and by failing to take action to prevent such an armed robbery defendant committed an intentional tort against plaintiff.
At the hearing on defendant's Motion For Summary Judgment plaintiff's attorney argued that to defeat the motion, he need only show "a mere possibility of an intentional tort, or a mere possibility that they had knowledge that this was going to be substantially certain." While the trial judge rendered no oral or written reasons for his granting defendant's Motion For Summary Judgment, we can infer that he found there was no genuine issue of material fact of the occurrence of an intentional tort.
The Louisiana Supreme Court in Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152, at pages 1153, 1154 (La. 1983), discussed the law of this state and the criteria to be applied in determining whether or not a summary judgment should be granted and stated:
"La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor `if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.' Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs den., 403 So.2d 68 (La.1982); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 99 S.Ct. 1598, 26 L.Ed.2d 142 (1970)."
We said in Ferina v. Howard, 285 So.2d 805, at page 808 (La.App. 3 Cir.1973), on remand, 316 So.2d 835 (La.App. 3 Cir.1975):
"Summary judgment is not a substitute for trial on the merits. Litigants are not to be denied their day in court on finding documents and affidavits which make it appear unlikely that one party can prevail. Once the trial judge detects the existence of a disputed fact, he may not render summary judgment." (Citations omitted.)
Plaintiff alleged in his petition that:

"13.
Couvillion's Pay-Less, Inc. is liable to plaintiff for the intentional act of failing to provide appropriate and adequate safety and security measures for plaintiff; defendant, Couvillion's Pay-Less, Inc., knew or believed or should have known that criminal actions of robbery were substantially certain to occur at *606 this remote location and that as a result of the criminal conduct focused on the business in this remote area severe personal injury was certain to result to plaintiff who was employed at that location; plaintiff alleges that defendant, Couvillion's Pay-Less, Inc., had notice of the possibility of this type of criminal action as prior robberies had been committed at this location."
The defendants filed an affidavit in support of its Motion For Summary Judgment. The affidavit of Mr. Couvillion, the Secretary-Treasurer of Couvillion Pay-Less, Inc., indicated that neither he nor any of its officers or employees had any intention or desire to injure plaintiff, nor had they any reason to believe that plaintiff would be injured by any other party, nor did he nor any of its officers or employees have any reason to believe that the store premises were particularly susceptible to robbery.
The plaintiff's affidavit filed in opposition to the motion states that, had he known of two previous robberies, he would not have taken a job with defendant. Plaintiff's affidavit further states that only plaintiff was on the job at the time of the robbery, the store was poorly lit at night, and that a lack of windows in the store restricted plaintiff's view of the outside. Plaintiff's affidavit does not contradict defendant's affidavit nor does it assert any intent to inflict an injury or any substantial certainty of any injury from defendant's act or failure to act. This alone supports a summary judgment. Prater v. Babcock and Wilcox Co., 414 So.2d 817 (La.App. 1st Cir.1982).
Although an employee's allegation of fact may be sufficient to show negligence on the part of the employer or co-employee, where the facts are insufficient to show an intentional tort, as defined in Bazley v. Tortorich, supra, summary judgment is proper since the employee's exclusive remedy is worker's compensation. Dugas v. International Salt Co., supra; Boudreaux v. Verret, 422 So.2d 1167 (La.App. 3 Cir. 1982).
On review of the record before this court, we find the plaintiff failed to establish a genuine issue of material fact as to the infliction by defendant of an intentional tort upon plaintiff or of any substantial certainty that the defendants knew or should have known that an armed robbery of its store would take place while plaintiff was at work.
After reviewing the pleadings, plaintiff's affidavit, and the affidavit filed by defendant, in a light most favorable to the party opposed to the Motion for Summary Judgment, we find the evidence taken as a whole reflects the lack of a genuine issue of material fact as to the existence of an intentional tort by the defendant. The record before this court does not support a reversal of the trial court.
For the above and foregoing reasons the judgment rendered by the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.