KING, Judge.
The sole issue presented by this appeal is whether or not the trial court erred in granting defendants’ Motions For Summary Judgment dismissing plaintiff’s suit claiming damages under the intentional act exception to the Louisiana Worker’s Compensation Statute, La. R.S. 23:1032.
Dexter Phillip Lyons (hereinafter plaintiff) instituted this tort suit against his employer, Airdyne Lafayette, Inc. (hereinafter Airdyne), its insurer, Pacific Marine Insurance Company (hereinafter Pacific Marine),[1] and his co-employee, Wayne Hebert (hereinafter Hebert). Plaintiff alleged that he was injured on the job when his co-employee, Hebert, knowingly and intentionally unleashed at him the compresssive force of air from a compressor unit, when plaintiff was in close proximity to the unit, knowing that the compressive force of air would hit plaintiff with such velocity as to make it substantially certain that plaintiff would suffer physical injuries as a result. All three defendants filed Motions For Summary Judgment contending that Hebert’s action was not an intentional act within the meaning of La. R.S. 23:1032 and, as a result, plaintiff’s sole remedy was in worker’s compensation. The motions were heard on June 27, 1988, at which time the trial court took the matter under advisement. On July 6, 1988, the trial court *278 issued written reasons for judgment and granted the motions finding that plaintiffs injuries were not sustained as the result of an intentional act performed by Hebert. A formal judgment was signed dismissing plaintiffs suit as to defendants. From this judgment plaintiff has timely appealed. We affirm.
FACTS
Plaintiff and Hebert were both employed as diesel mechanics at Airdyne. On March 25, 1985, at approximately 12:00 P.M., plaintiff was walking through the shop, on his way to lunch, when Hebert called to him asking for assistance. As he approached Hebert, plaintiff was hit by a stream of compressed air flowing from the compressor that Hebert was working on at the time. Plaintiff claims the compressed air struck him in the chest and threw his neck to the side. He complained of neck and back pain immediately following the accident but went on to lunch and was able to return to work that afternoon. As his pain worsened, plaintiff was treated by several physicians, was diagnosed as having a herniated cervical disc, and eventually underwent surgery for the herniated disc.
Immediately following the incident, Hebert and another co-worker began to laugh. Plaintiff claims they were laughing because Hebert intentionally shot the compressed air at him as a joke. Hebert, however, stated in his affidavit that was introduced into evidence in connection with his Motion For Summary Judgment, that he laughed because plaintiff “did not appear to be injured” and because “the incident, as it happened, was funny and did not appear to be serious.”
On December 26, 1985, plaintiff filed this tort suit. He alleged that Hebert’s action was an intentional tort, a recognized exception under this state’s worker’s compensation laws, which permitted him to sue Air-dyne, Pacific Marine, and Hebert in tort for damages he sustained while in the course and scope of his employment. Defendants filed Motions For Summary Judgment alleging that there was no genuine issue of material fact as to whether an intentional tort was committed and that, as a matter of law, they were entitled to judgment in their favor. The trial court granted the Motions For Summary Judgment and in its written reasons stated:
“The record contains Mr. Hebert’s affidavit in which he states that he did not expect that air would be released from the compressor when he opened the valve. He was in the process of repairing the unit and had called the plaintiff over to help him and did not intend for the air to be released nor did he intend any harm to Mr. Lyons.
Therefore, the Court finds that the injury allegedly sustained by plaintiff was not the result of an intentional act performed by Wayne Hebert.”
Plaintiff appeals alleging that summary judgment should not have been granted because there exists a genuine issue as to the material fact of Hebert’s knowledge and intent at the time of the incident.
LAW
La. R.S. 23:1032 reads in part:
“The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ...
* * * * * *
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.” (Emphasis added.)
Under this statute, an injured employee may seek recovery in tort for a work-related injury intentionally caused by a co-employee.
Louisiana courts have defined intentional act for purposes of the exception to the exclusivity of the Louisiana worker’s compensation statute as an act whereby the defendant either consciously desired the *279 physical result that followed or believed that the result was substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Bourgeois v. Jordan, 527 So.2d 603 (La.App. 3 Cir.1988).
More recently, in Caudle v. Betts, 512 So.2d 389 (La.1987), the Supreme Court further clarified the meaning of an intentional act arising in the context of a battery occurring as the result of a practical joke. The court stated that:
“... when an employee seeks to recover from his employer for an intentional tort, a court must apply the legal precepts of general tort law related to the particular intentional tort alleged in order to determine whether he has proved his cause of action and damages recoverable thereunder.” Caudle v. Betts, 512 So.2d 389, at page 391 (La.1987).
The Supreme Court found that an intentional tort, a battery, had occurred when plaintiffs employer’s principal owner and chief executive officer intentionally shocked plaintiff with an auto condenser as a practical joke. The court held the defendant liable although the serious injury to the plaintiff’s occipital nerve which resulted was neither foreseeable nor intended. The court defined intent as follows:
“The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. Restatement (Second) of Torts, American Law Institute § 13, (comment e) (1965). Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although intending nothing more than a good-natured practical joke, or honestly believing that the act would not injure the plaintiff, or even though seeking the plaintiff’s own good.” (Citations omitted.) Caudle v. Betts, 512 So.2d 389, at page 391 (La.1987).
In this case, plaintiff claims that Hebert intentionally released the compressed air in his direction, knowing that the physical injury sustained by plaintiff was substantially certain. However, in his affidavit, Hebert testified that his actions were not intentional and that he had no desire to harm plaintiff. Hebert’s affidavit stated in part:
“That unknown to Affiant [Hebert], and contrary to the custom and practice of Affiant and of Airdyne, the ball valve had been removed from the outlet of this compressor, thus allowing the release of the air that allegedly struck Plaintiff.
That Affiant’s actions in opening the ball valve were part of the repair procedure for this compressor, and Affiant neither desired to injure or cause harm to Plaintiff nor did Affiant believe in any way that Plaintiff’s alleged injuries were likely to follow from his actions.”
Plaintiff contends that the trial court should not have granted summary judgment based solely upon Hebert’s exparte affidavit which negated subjective facts material to the case such as motive and intent. However, in Simoneaux v. E.I. DuPont DeNemours, 483 So.2d 908 (La.1986), the Supreme Court stated that:
“Summary judgment is an appropriate method for disposing of a case wherein intent is a critical question. Mayer v. Valentine Sugars, Inc., 444 So.2d 618, 620 (La.1984); see also Mashburn v. Collin, 355 So.2d 879, 890 (La.1977).” Simoneaux v. E.I. DuPont DeNemours, 483 So.2d 908 at page 912 (La.1986).
In that case, the court found that affidavits introduced in support of a motion for summary judgment were sufficient to negate plaintiff’s allegations of intentional tort. The affidavit established, according to the court, that the defendant did not know, with substantial certainty, that an explosion would occur at the chemical plant and cause serious harm. The court granted defendant’s summary judgment.
In the present case, the affidavit of Hebert clearly reveals that, at the time of the incident, he was in the process of repairing an air compressor and opened the pressure valve on the compressor. Hebert believed that a standard ball valve placed at the air flow outlet of the compressor was closed. Unknown to Hebert the ball valve had been removed which allowed the release of air which struck plaintiff. Hebert stated that he neither desired to injure plaintiff nor did *280 he believe that plaintiff’s injuries were likely to follow from his actions.
A motion for summary judgment should be granted when:
“... it is clear there exists no genuine issue of material fact and that the mover is entitled to the judgment as a matter of law. C.C.P. 966. A motion for summary judgment may be made at any time and can be based on the pleadings, affidavits, depositions, answers to interrogatories and admissions then on file. Id. Affidavits must be made on personal knowledge and set forth only facts admissible in evidence, and must show that the affi-ant is competent to testify to the matters contained within the affidavit. C.C.P. 967.” Simoneaux v. E.I. DuPont DeNemours, 483 So.2d 908 at page 912 (La.1986).
Hebert’s affidavit sufficiently rebuts plaintiff’s allegations of an intentional tort. He sets forth both objective and subjective facts which establish that the incident was not intentional. The burden was on plaintiff to counter the affidavit by conflicting evidence which would raise an issue of fact as to Hebert’s true intent. Since no such evidence was presented, we find that the trial court was correct in granting defendants’ Motions Por Summary Judgment.
Plaintiff also argues that a material issue of fact exists as to whether Hebert intended to play a practical joke on plaintiff at the time he was injured. Plaintiff cites Caudle v. Betts, supra, in support of his argument that a defendant can be held liable for the plaintiff’s injuries, although defendant intended nothing more than a good-natured practical joke.
In plaintiff’s deposition which was introduced into evidence in connection with the Motion For Summary Judgment, he stated that following the incident, Hebert and another co-worker began to laugh, like it was a joke. During plaintiff’s deposition, the following exchange took place between plaintiff and counsel for defendants:
“Q. Other than Mr. Hebert’s laughing or smiling immediately after the incident, is there anything else that he said or did that makes you believe that he intended to blast you with the air?
A. Not that I can remember.
Q. Think very carefully because it’s extremely important. If there’s any other basis whatsoever other than the fact that he smiled or laughed, I want to know it right now.
A. Prom what I can remember, he might have been paying me back for something, you know, but—
Q. He might have been paying you back for what?
A. Maybe something I done to him. You know, maybe I done something to him and he was just getting me back so that we were even.
Q. Maybe you did something such as what? If you can think of any specific reason or any specific thing that you may have done to Mr. Hebert that he might want to get back at you?
A. No, not that I can remember. Not specific.
* * * * * *
Q. Did he do these kinds of things frequently?
A. Just a joke. During the week, you know, we might do it a couple of times.
Q. You’d do the same thing to him?
A. Yes.”
Hebert’s affidavit establishes that he was repairing a compressor at the time and had no knowledge that a valve on the compressor had been removed allowing the release of air. Hebert stated in his affidavit that he laughed following the incident because plaintiff did not appear to be injured and the incident, as it happened, was funny.
The facts of this case are readily distinguishable from Caudle, supra. In Caudle, the court found that the defendant intended, as a joke, to shock the plaintiff with an auto condenser although he did not intend to injure him beyond a momentary jolt. The court held that the defendant had *281 committed a battery which it defined as “harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact.” Id. at 391.
In the present case, Hebert never intended, even as a joke, to release the air at plaintiff and commit a battery or any other intentional tort upon plaintiff. His affidavit establishes that his actions were purely unexpected and accidental.
Plaintiffs deposition testimony that Hebert “might” have been paying him back for something, but that he could not remember any specific reason Hebert would be paying him back, and that they played jokes on each other in the past does not create a material issue of fact as to whether or not on the day of this incident, Hebert intended to play a practical joke on plaintiff.
For these reasons, we find that the trial court was not clearly wrong or manifestly in error in granting defendants’ Motions For Summary Judgment. The judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.

. Pacific Marine filed for bankruptcy during the pendency of this ligitation.