569 So.2d 1074 (1990)
James MAHFOUZ and Rose Mahfouz, Plaintiffs-Appellants,
v.
J.A.C.E. OILFIELD SALES AND SERVICE, INC., George Eaton, and State Farm Fire & Casualty Insurance Company, Defendants-Appellees.
No. 89-560.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
*1075 Gachassin, Sigur, Robert A. Mahtook, Jr., Lafayette, for plaintiffs-appellants.
Sutherland, Juge, Suzanne P. Keevers, New Orleans, for defendants-appellees.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in dismissing the plaintiff's intentional tort claim against his employer.
James Mahfouz and his wife, Rose Mahfouz (hereinafter plaintiff), brought suit in tort for damages against his former employer, J.A.C.E. Oilfield Sales & Service, Inc., his supervisor, George Eaton, and their insurer, State Farm Fire and Casualty Insurance Company (hereinafter defendant) for personal injuries which plaintiff alleges arose out of a work-related accident occurring on September 18, 1987.
Plaintiff claims that defendant's actions which led to his work-related injury were intentionally tortious, and thus, not subject to the exclusive remedy provided by the Louisiana Worker's Compensation Act for job-related injuries. For this reason, plaintiff contends that he should be awarded tort damages against his employer for his personal injuries. Defendant filed a Motion For Summary Judgment on the grounds that it committed no intentional act causing plaintiff's injuries.
The trial court held a hearing on defendant's Motion For Summary Judgment. After oral argument, the matter was taken under advisement. The trial court subsequently ruled in favor of defendant, dismissing plaintiff's claim for damages arising from an intentional tort.[1] A formal written judgment was signed. Plaintiff timely appeals the judgment. We affirm.

FACTS
Plaintiff began working for defendant in 1983, but was later laid off due to a work slow down. In April, 1987, plaintiff was again offered employment by defendant. Prior to beginning work, plaintiff was given a pre-employment physical, as required *1076 by defendant, by a physician of defendant's choice.
Dr. Kirkland Swan, a general practitioner, performed the physical on plaintiff. After completing the physical, Dr. Swan referred plaintiff to Dr. Fred Webre, an orthopedic surgeon, for back x-rays. Upon examining the x-rays, Dr. Webre determined that plaintiff suffered from spondylolysis at L-4, bilaterally, a congenital defect. Further, it was noted that in plaintiff's medical history questionnaire he indicated he had pulled a muscle in his lower back in 1985, during his former employment with defendant, but that he had experienced no back trouble since. For these reasons, Dr. Webre did not recommend plaintiff for employment. Despite these medical findings, defendant hired plaintiff because "he was a good worker."
Plaintiff worked steadily for the next five and one-half months without any back pain or back discomfort. On September 18, 1987, plaintiff allegedly injured his back while attempting to lift heavy rotary shoes. On September 24, 1987, plaintiff consulted Dr. Webre for pain in his lower back. Dr. Webre examined plaintiff and found that he had soreness in the upper and lower back, with a greater intensity in the lumbosacral area. Dr. Webre did not restrict plaintiff from working. Plaintiff continued his normal work activities for another two weeks. On October 10, 1987, plaintiff contended that he was unable to perform emergency work because of back pain that stemmed from the September 18, 1987 accident in which he allegedly injured himself while attempting to lift heavy rotary shoes. Plaintiff was discharged by J.A.C.E. because of the October 10th incident when he refused to do the emergency work because of alleged back pain.
On October 29, 1987, plaintiff consulted Dr. John Humphries, an orthopedist, for the continued pain in his lower back. After an examination, Dr. Humphries concluded that plaintiff suffered an acute lumbar strain superimposed upon spondylolysis.
Two months after his discharge, plaintiff initiated an administrative claim for worker's compensation, claiming that he had suffered a back injury that was caused by a work-related accident. Suit was then filed and plaintiff was awarded compensation based on the Commissioner's finding that plaintiff was temporarily and totally disabled due to an injury received in an accident on September 18, 1987 arising out of and in the course of his employment with J.A.C.E. The Commissioner's decision was affirmed by the trial court and by this Court. The judgment of this Court is now a final judgment.
In this suit, plaintiff claims that defendant's actions, which led to his back injury, were intentionally tortious and, thus, he should be awarded damages in tort for his personal injuries. The trial judge dismissed plaintiff's claim against defendant after a hearing on the Motion For Summary Judgment filed by defendant. Plaintiff appeals this dismissal of his suit.

LAW
LSA-R.S. 23:1032 reads in part:
"A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
* * * * * *
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
As the Louisiana Supreme Court observed in Caudle v. Betts, 512 So.2d 389 (La.1987):
"In interpreting the statute, this court has held that compensation shall be an *1077 employee's exclusive remedy against his employer for an unintentional injury covered by the act, but that nothing shall prevent an employee from recovering from his employer under general law for intentional tort. Bazely v. Tortorich, 397 So.2d 475 (La.1981)." Caudle v. Betts, 512 So.2d 389, at page 390 (La. 1987).
See also, Bourgeois v. Jordan, 527 So.2d 603, page 604 (La.App. 3 Cir.1988).
Louisiana courts have defined an intentional act, for purposes of the exception to the exclusivity of the Louisiana Worker's Compensation Act, as an act whereby the defendant desired to bring about the result that followed or defendant believed that result was substantially certain to follow his act. Bazely, supra; Bourgeois, supra.
Plaintiff claims that defendant's actions were intentionally tortious because defendant knew, but did not disclose to him, that the doctor who conducted plaintiff's physical examination did not recommend him for work on account of the x-ray of his back and his back condition. Plaintiff argues that defendant's intentional non-disclosure of his back condition led to his back injuries. Plaintiff contends that defendant's actions were intentionally tortious because defendant knew or should have known that it was substantially certain that plaintiff would suffer a back injury if he worked for defendant while suffering from this type of back condition.
The Louisiana Supreme Court has noted that:
"Summary judgment is an appropriate method for disposing of a case wherein intent is a critical question. Mayer v. Valentine Sugars, Inc., 444 So.2d 618, 620 (La.1984)." (Citation omitted). Simoneaux v. E.I. DuPont deNemours, 483 So.2d 908, at page 912 (La.1986).
See also, Lyons v. Airdyne Lafayette, Inc., 558 So.2d 277 (La.App. 3 Cir.1990).
A motion for summary judgment should be granted when:
"[I]t is clear there exists no genuine issue of material fact and that the mover is entitled to the judgment as a matter of law. C.C.P. [Art.] 966...." Simoneaux v. E.I. DuPont deNemours, 483 So.2d 908, at page 912 (La.1986).
See also, Lyons v. Airdyne Lafayette, Inc., supra.
In reviewing the evidence in the record, we do not find that there exists a genuine issue of material fact that defendant intended to bring about an injury to plaintiff or that defendant believed that an injury to plaintiff was substantially certain to follow his employment.
The affidavit of plaintiff's supervisor, George Eaton, attached to defendant's Motion For Summary Judgment, stated that he was aware that there could be a possible problem in employing plaintiff with his back condition but that he hired him anyway because of his previous employment history of working without medical problems, except for a pulled back muscle in 1985, doing the same kind of work. Eaton also stated in his affidavit that he "... never intended any harm or injury to come to James Mahfouz ... never desired or intended any physical injury to befall him and did not undertake any activity calculated to result in injury or physical harm." Just because defendant discussed with the doctor the results of plaintiff's back x-ray and physical examination and then hired plaintiff to do the same type work he had done when previously employed by defendant, does not prove that there is a genuine issue of material fact that defendant had an intent of bringing injury to plaintiff or that injury was substantially certain to follow defendant's failure to disclose to plaintiff medical information, regarding his back condition, known to defendant. An injury can not be considered as intentionally caused merely because there exists a high probability of an injury occurring but can only be considered as intentional where the occurrence of the injury is virtually sure or nearly inevitable. Hood v. South Louisiana Medical Center, 517 So.2d 469 (La. App. 1 Cir.1987); Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La. App. 2 Cir.1985). Legal imputation of intent is a conclusion which depends on the factual circumstances surrounding the act and the resulting injury. Maddie v. Plastic *1078 Supply and Fabrication, Inc., 434 So.2d 158 (La.App. 5 Cir.1983), writ den., 435 So.2d 445 (La.1983). The record supports the finding of the trial court that there is no genuine issue of material fact which could possibly lead to the legal conclusion that defendant acted in a manner so certain to cause injury that intent to cause injury is to be imputed. Therefore, because summary judgment is an appropriate method for disposing of a case where intent is the critical question, and because there is no genuine issue as to material fact, we find that the trial judge was not manifestly in error or clearly wrong in finding that defendant was entitled to a summary judgment as a matter of law.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Plaintiff sued the same defendants in an earlier suit for worker's compensation benefits. See Mahfouz v. J.A.C.E. Oilfield Sales, 563 So.2d 342 (La.App. 3 Cir.1990). In that suit plaintiff was awarded worker's compensation benefits for a back injury sustained in a job-related accident that occurred on September 18, 1987, which is the same accident and injury sued on in this suit. On appeal, this court affirmed the trial court judgment finding that the plaintiff was temporarily totally disabled and entitled to worker's compensation benefits for injuries suffered in the course and scope of his employment with J.A.C.E. That judgment, awarding plaintiff worker's compensation benefits, is now a final judgment of this court.