597 So.2d 52 (1992)
Rhonda Melinda KNIGHT
v.
CRACKER BARREL STORES, INC. and the Hartford Insurance Company.
No. 90 CA 2295.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
Writ Denied May 15, 1992.
*53 W.M. Hingle, Slidell, for plaintiff-appellant.
John David Ziober, Baton Rouge, for defendant-appellee Cracker Barrel.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
When an employee at a convenience store, during the course and scope of her employment, is attacked by a non-employee third party, is a suit against the employer for damages for personal injury barred by the tort liability immunity provisions of the Louisiana Worker's Compensation Act? On the grounds that statutory immunity attached under the facts, the trial court vacated a jury verdict in favor of the employee and rendered judgment in favor of the employer. We agree that the failure of the employer to provide adequate security did not amount to an intentional tort on its part, and we affirm.

FACTS
On April 5, 1987, plaintiff, Rhonda Melinda Knight, was employed as a cashier at a store owned and operated by defendant, Cracker Barrel Stores, Inc. (Cracker Barrel), on Brownswitch Road in Slidell, Louisiana. Ms. Knight was working the night shift at the time of the incident. She had been marking and putting up stock previous to the time a male "customer" entered the store. The man bought some matches and asked Ms. Knight to show him where the bathroom was located.
The man forced the plaintiff into the bathroom and began pulling at her pants. She pleaded with the assailant to spare her because she was four months pregnant. The man then grabbed Ms. Knight, unzipped his pants, and gave her the choice of performing oral sex on him or having him rape her. Fearing for the life of the fetus, Ms. Knight performed the oral sex act demanded by the assailant.
Ms. Knight subsequently sued Cracker Barrel, claiming that poor lighting and lack of security at the store were the cause of the damages she suffered at the hands of the assailant. The case went to trial by jury. The evidence showed that the light fixtures outside the store, consisting of a "Texaco" pylon light, a "Cracker Barrel" sign light, four lights on top of gas pumps, and floodlights on the four exterior corners of the building, were all inoperable. Although it was very dark outside, the interior of the store was well lighted, creating a goldfish-bowl effect during the graveyard shift at the store. Cracker Barrel employees and managers, according to the testimony elicited at trial, had requested that the outdoor lights be fixed more than a week prior to the incident, but no repairs were made. Additionally, Ms. Knight was the sole employee at the store, as the Cracker Barrel management had determined that traffic in the store did not warrant two employees.
At the close of plaintiff's case, the defendant moved for a directed verdict, which was denied by the trial court. After the entire case was presented, the jury found in favor of the plaintiff, answering a set of *54 specific interrogatories and awarding the damages which it itemized on the verdict form. Defendant Cracker Barrel filed a motion for judgment notwithstanding the verdict (JNOV) or alternatively for a new trial. The trial court granted the JNOV and granted the new trial conditioned upon having the trial court's JNOV vacated.
The appellee, Cracker Barrel, argues that its acts in maintaining its store, however negligent, did not amount to intentional torts against the plaintiff, which intentional torts are required by the jurisprudence to trigger the exception to employer immunity from liability.
The principles governing the application vel non of employer immunity pursuant to the Louisiana Worker's Compensation Act were reiterated recently by the Louisiana Supreme Court in White v. Monsanto Company, 585 So.2d 1205, 1208 (La.1991).
LSA-R.S. 23:1032 makes worker's compensation an employee's exclusive remedy for a work-related injury caused by a co-employee, except for a suit based on an intentional act. The words "intentional act" mean the same as "intentional tort." The legislative aim was to make use of the well-established division between intentional torts and negligence in common law. The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
The exclusive remedy rule is inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desires to bring about the physical results of his act, or believes they were substantially certain to follow from what he did. Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Bazley, supra.

When an employee seeks to recover from his employer for an intentional tort, a court must apply the legal precepts of general tort law related to the particular intentional tort alleged in order to determine whether he has proved his cause of action and damages recoverable thereunder. Caudle v. Betts, 512 So.2d 389 (La. 1987).
The particular intentional tort alleged in White was the intentional infliction of emotional distress upon the plaintiff employee by a supervisory co-employee. The supervisor's profane outburst, while dressing down the plaintiff and two other employees for not working as he thought they should, allegedly caused the plaintiff to have an acute anxiety reaction and to be hospitalized. Finding that the supervisor's conduct, although crude and uncalled for, was not of such an extreme or outrageous nature as to give rise to a cause of action for an intentional tort, the Louisiana Supreme Court reversed a judgment for the plaintiff for $60,000 which had been rendered pursuant to a jury verdict.
The problem with the instant case is that plaintiff has not even alleged, much less proved, an intentional tort on the part of the employer, Cracker Barrel. Plaintiff alleged and proved that Cracker Barrel did not maintain the lighting at the store, thus failing to provide adequate security at the workplace, and that Cracker Barrel did not establish alternate security procedures. However, an employer's failure to furnish an employee with a safe place to work presents a dangerous situation which, at most, can be said to make an occurrence more probable than not; but such negligence falls short of making injuryand especially injury by a third personinevitable or substantially certain to occur. See Hood v. South Louisiana Medical *55 Center, 517 So.2d 469 (La.App. 1st Cir. 1987).
Plaintiff argues that she proved an intentional tort because she was able to elicit from the witnesses at trial statements that the poor conditions at the Cracker Barrel store made it "substantially certain" that an attack such as the one against plaintiff would occur. However, the statements alone cannot elevate the omissions of Cracker Barrel to the status of an intentional tort. Testimony of a similar nature was elicited in Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.), writ denied, 415 So.2d 953 (La. 1982). Our brethren in the fourth circuit held that the testimony of the employer's representatives was insufficient to justify a jury's verdict that the employer's act was an intentional act within the meaning of the Louisiana Worker's Compensation Act.
The case most factually similar to the one before us is Aaron v. New Orleans Riverwalk Ass'n., 580 So.2d 1119 (La.App. 4th Cir.1991), in which the plaintiff alleged but failed to prove that the employer was vicariously liable for the intentional torts of its employees. Aaron, a restaurant manager, sued her employer after she was raped during the course of a robbery at the restaurant. She alleged that the assailants had obtained the keys from two of her co-employees, and that the employer was vicariously liable for the co-employees' complicity in the criminal activity. Although the attack came during the course and scope of the plaintiff's employment, the court held that the plaintiff's co-employees were not acting in the course and scope of their employment when they conspired to rob the employer by giving keys to the individuals who ultimately raped the plaintiff. See also Bourgeois v. Jordan, 527 So.2d 603 (La.App. 3d Cir.1988).
In the instant case there is no basis for application of the doctrine of respondeat superior to impose liability on the employer for the acts of the convenience store "customer." There was no employer-employee relationship between Cracker Barrel and the assailant, who acted alone in perpetrating the criminal act against plaintiff.
Under the statutory provision and the jurisprudence, Cracker Barrel was entitled as a matter of law to judgment in its favor because Ms. Knight failed to establish her right to recover from her employer for an intentional tort. We find no error in the trial court's JNOV. Appellant is cast for costs of this appeal.
AFFIRMED.