RASH EENA JONES
v.
R & R STORES, INC. AND XYZ INSURANCE COMPANY
No. 2009 CA 1492.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
JACKIE MONTAGUE-MYLES, Plaquemine, Louisiana, Counsel for Plaintiff/Appellant Rasheena Jones.
THOMAS M. RULI, Metairie, Louisiana, Counsel for Defendant/Appellee R & R Stores, Inc.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
McCLENDON, J.
The plaintiff appeals a judgment in "favor of the defendant, in which the trial court found that the plaintiff failed to establish an intentional tort by the defendant and granted defendant's motion for summary judgment. We affirm.
At approximately 5:30 a.m. on January 12, 2008, the plaintiff, Rasheena Jones, was employed at an Express Stop convenience store owned by the defendant, R & R Stores, Inc. (R & R), when Renell Thomas entered the store and robbed, raped, and kidnapped her.[1] Thereafter, Ms. Jones received workers' compensation indemnity and medical benefits. She also filed a petition for damages against R & R, alleging an intentional act, strict liability, and negligence. In response to the tort action, R & R filed an exception raising the objection of no cause of action and a motion for summary judgment, in which it asserted that Ms. Jones's remedy against it, if any, was limited to that provided in the Louisiana Workers' Compensation Act. Specifically, R&R urged that Ms. Jones did not set forth any disputed facts giving rise to an intentional act by R & R, which would afford her an exception to the exclusive remedy provisions of the Workers' Compensation Act. Thereafter, R&R filed a supplemental and amending petition, alleging intentional acts or omissions by R & R, including the failure to maintain adequate security. Following a hearing, the trial court denied the exception raising the objection of no cause of action, but granted the motion for summary judgment and dismissed Ms. Jones's suit. She appealed. On appeal, Ms. Jones contends that the trial court erred in granting R & R's motion for summary judgment based on its finding that R & R's failure to provide adequate security measures did not amount to an intentional tort by her employer.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Granda v. State Farm Mutual Insurance Company, 04-2012, p. 4 (La.App. 1 Cir. 2/10/06), 935 So.2d 698, 701. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B.
On a motion for summary judgment, the initial burden of proof is on the moving party. However, if the moving party will not bear the burden of proof at trial on the matter before the court, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the non-moving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial. Failure to do so shows that there is no genuine issue of material fact. LSA-C.C.P. art. 966C(2); Babin v. Winn-Dixie Louisiana, Inc., 00-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 40.
Summary judgments are reviewed on appeal de novo. Granda, 04-2012 at p. 4, 935 So.2d at 701. Thus, this court uses the same criteria as the trial court in determining whether summary judgment is appropriate  whether there is a genuine issue of material fact and whether mover is entitled to judgment as a matter of law. Jones v. Estate of Santiago, 03-1424, p. 5 (La. 4/14/04), 870 So.2d 1002, 1006. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can only be seen in light of the substantive law applicable to the case. Dickerson v. Piccadilly Restaurants, Inc., 99-2633, pp. 3-4 (La.App. 1 Cir. 12/22/00), 785 So.2d 842, 844.
The exclusiveness of rights and remedies in the Louisiana Workers' Compensation Act is established in LSA-R.S. 23:1032, which provides, in pertinent part:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, ...
* * *
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
Thus, LSA-R.S. 23:1032 makes workers' compensation an employee's exclusive remedy for a work-related injury, except for a suit based on an intentional act. An "intentional act" for purposes of exception to the exclusivity of Louisiana's workers' compensation remedy is defined as an act whereby the defendant desired to bring about the result that followed or believed that result was substantially certain to follow his act. Bazley v. Tortorich, 397 So.2d 475, 482 (La. 1981). Since the Bazley decision, Louisiana courts have continued to narrowly construe the intentional act exception according to the legislative intent. Reeves v. Structural Preservation Systems, 98-1795, p. 6 (La. 3/12/99), 731 So.2d 208, 211; Thomas v. Fina Oil and Chemical Company, 02-0338, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 503.
"Substantially certain to follow" requires more than a reasonable probability that an injury will occur. "Certain" has been defined to mean "inevitable" or "incapable of failing." A high probability of someone getting hurt is not enough. The exception is designed for acts that are intentional, not for acts that are wanton or reckless or grossly negligent. Reeves, 98-1795 at pp. 9-10, 731 So.2d at 213; Thomas, 02-0338 at p. 7, 845 So.2d at 503. Further, believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. Reeves, 98-1795 at p. 9, 731 So.2d at 212.
In this matter, Ms. Jones contends that R & R had knowledge to a substantial certainty of the risk of injury based on R & R's knowledge of local crime statistics; the vulnerability and danger of opening a store alone in a secluded area during early morning hours; R & R's failure to take basic security measures; and R & R's failure to properly train its employees on the use of the security system installed in the store. Thus, Ms. Jones argues, R&R was substantially certain that the risk of injury to Ms. Jones would occur. We must disagree.
In granting the motion for summary judgment, the trial court found the facts of this matter similar to those in Knight v. Cracker Barrel Stores, 597 So.2d 52 (La.App. 1 Cir), writ denied, 598 So.2d 377 (La. 1992). In Knight, a convenience store employee was sexually assaulted by a customer. She filed suit against her employer claiming that poor lighting and lack of security at the store were the cause of the damages she suffered. The first circuit concluded that the employer was entitled to judgment as a matter of law, stating that an employer's failure to furnish an employee with a safe place to work presents a dangerous situation which, at most, can be said to make an occurrence more probable than not; but such negligence falls short of making injury by a third person inevitable or substantially certain to occur. Knight, 597 So.2d at 54.
Similarly, in Adams v. Time Saver Stores, Inc., 615 So.2d 460 (La.App. 4 Cir.), writ denied, 617 So.2d 910 (La. 1993), an associate manager was abducted and sexually assaulted while working the late night work shift. She filed suit alleging that her employer committed an intentional tort based on a list of acts and omissions that preceded the crime. Specifically, she contended that before the assault occurred, there had been nine armed robberies within the past five years, incidents of shoplifting, simple robberies, and gang fights on the store's property. Furthermore, she asserted that, although once assigned to the store, security guards had been removed, and there was an armed robbery of the store only thirty-four days before the plaintiff was raped. Additionally, prior to the assault, she had alerted her employer that she did not want to work the particular shift that night because she was frightened. The court stated that although terms such as "reasonably foreseeable," "likely to occur" and "should have known" may have raised issues of negligence, or gross negligence, they did not amount to "intentional" as that term is used in the workers' compensation act. Adams, 615 So.2d at 461-62.[2]
In Bourgeois v. Jordan, 527 So.2d 603 (La.App. 3 Cir. 1988), the plaintiff was working alone late at night in the fast food store of his employer, when two people entered, announced it was a holdup, and shot the plaintiff in the face with a large caliber handgun. The plaintiff filed a damage suit and claimed that because of the defendant's choice of lighting (in and out of the store), electing to have a sole employee on duty, and knowing that at least one prior robbery had occurred at the store, that the defendant knew or should have known of the substantial certainty of an armed robbery occurring at the store and that by failing to take action to prevent such an armed robbery defendant committed an intentional tort against plaintiff. The court found that although the allegations of fact may have been sufficient to show negligence, the facts were insufficient to show an intentional tort. Bourgeois, 527 So.2d at 606.
Despite the horrific and tragic circumstances in the instant case, upon our de novo review of the facts and the record, and based on the jurisprudence and legislative purpose of the intentional act exception, we can only conclude that R & R carried its burden of establishing that there were no unresolved issues of material fact as to whether it was substantially certain that Ms. Jones's injuries would result from its actions. Nothing in the record can be interpreted as showing that either R & R intended to cause Ms. Jones harm or that R & R was substantially certain that Ms. Jones would be harmed while working in the convenience store. Thus, the burden shifted to Ms. Jones to come forward with evidence that her rape and kidnapping was substantially certain to occur. Ms. Jones did not produce any such evidence. Accordingly, R & R's actions or omissions do not rise to the level of an intentional tort, and summary judgment was appropriate.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Ms. Jones.
AFFIRMED.
NOTES
[1] Thomas was not an employee of R & R.
[2] See also Faust v. Greater Lakeside Corp., 98-2853 (La.App. 4 Cir. 9/12/01), 797 So.2d 748, writ denied. 01-3149 (La. 2/1/02), 808 So.2d 343, wherein similar allegations of failing to implement security measures to protect a business's employees, despite knowledge of the risk, established only negligence or gross negligence. The court found that the employer's conduct was egregious and fell woefully short of protecting the interests and welfare of its employees. Nonetheless, the court found that this was not enough to impute intent.