746 So.2d 191 (1999)
Michelle BLEVINS
v.
TIME SAVER STORES, INC.
No. 99-CA-383.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1999.
John H. Musser, New Orleans, Louisiana, Attorney for Appellant, Michele Blevins.
Thomas P. Anzelmo, Heather G. Connor, Campell, McCrane, Sistrunk Anzelmo & Hardy, Metairie, Louisiana, Attorney for Appellee, Time Saver Stores, Inc.
Panel composed of Judges CHARLES GRISBAUM, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
In this tort claim, plaintiff alleges that negligence and intentional misconduct on the part of her employer led to her work-related injuries. The lower court granted summary judgment in favor of the employer. For the following reasons, we affirm.
In her August 28, 1995 petition, plaintiff, Michele Blevins, alleges that she suffered physical and mental injuries as a result of a robbery which took place at the convenience store where she worked, which was owned and operated by defendant, Time Saver Stores, Inc. (hereafter, Time Saver). Specifically, plaintiff alleges that on August 28, 1994, while she was working alone inside the store (located on Clearview Parkway in Jefferson Parish), three unidentified, armed men robbed the store and assaulted and battered plaintiff, resulting in injuries to her neck and low back, and causing her to suffer post traumatic stress disorder. Plaintiff further alleges that because of a lack of security and/or proper training at the store, defendant "knew of and/or desired the consequences of their actions or were in a position to believe the such consequences, ... [were] substantially certain to follow ... to such an extent that their actions are deemed intentional."
On April 7, 1998, defendant filed a motion for summary judgment, asserting that, since plaintiff cannot prove an intentional act on the part of Time Saver, pursuant to La. R.S. 23:1032, workers' compensation is the sole remedy for plaintiff, and this tort action must be dismissed. *192 Plaintiff filed an opposition to defendant's motion for summary judgment, asserting that defendant's policy of requiring plaintiff to count money in plain view of customers was substantially certain to provoke a robbery/assault, and that defendant therefore intended the consequences that occurred. Plaintiff also attached to the opposition the deposition of Ms. Blevins and an affidavit from Joseph A. Kinney, an "expert on occupational violence, security and safety." In Mr. Kinney's affidavit, he states that in failing to install proper procedures and training for cash handling and failing to construct a secure physical space for counting cash, the "defendant knew, or should have known that it was substantially certain a robbery and/or injury would occur ..."
After a hearing, the trial court took the matter under advisement. On October 7, 1998, the trial court rendered judgment, granting the summary judgment in favor of defendant, and dismissing plaintiffs case. Plaintiff thereafter filed this appeal.
La R.S. 23:1032 provides in pertinent part:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stock-holder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court held that the term "intentional act" found in La. R.S. 23:1032 is synonymous with an "intentional tort" in reference to civil liability. The Court further held that "[t]he meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Id. at 482.
A thorough review of the intentional act exception was made in Bridges v. Carl E. Woodward, Inc., 94-2675 (La.App. 4 Cir.10/12/95), 663 So.2d 458, 462-63, which held:
The "intentional act" loophole in the exclusive remedy provision is a narrow one. Louisiana courts have narrowly interpreted the intentional act exception to the worker's compensation exclusivity provisions. A review of all the jurisprudence reveals that an overwhelming majority of the reported cases have resulted in summary judgment in favor of the defendant. See W.S. Malone & H.A. Johnson, Workers' Compensation Law & Practice, § 365.

*193 The term "substantially certain" has been subjected to intense review. It has been held to mean "nearly inevitable," "virtually sure," and "incapable of failing." Jasmin v. HNV Central River-front Corp., 94-1497 (La.App. 4th Cir.8/30/94) 642 So.2d 311, 312-313, writ denied, 94-2445 (La.12/9/94), 647 So.2d 1110; Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807 (La. App. 4th Cir.1991); King v. Schuylkill Metals Corp., 581 So.2d 300, 302 (La. App. 1st Cir.), writ denied, 584 So.2d 1163 (La.1991); Brown v. Diversified Hospitality Group, 600 So.2d 902 (La. App. 4th Cir.1992). It requires more than a reasonable probability, even more than a high probability, that an accident or injury will occur. Mahfouz v. J.A.C.E. Oilfield Sales & Service, 569 So.2d 1074, 1077 (La.App. 3d Cir.1990); Landry, 653 So.2d at 1203.
Mere knowledge and appreciation of risk does not constitute intent, nor does reckless or wanton conduct or gross negligence. Tapia, 590 So.2d at 807-08; Williams v. Gervais F. Favrot Co., 573 So.2d at 540. Terms such as "reasonably foreseeable," "likely to occur," and "should have known" may raise issues of negligence or gross negligence, but do not amount to "intentional act." Adams v. Time Saver Stores, Inc., 615 So.2d 460, 461-62 (La.App. 4th Cir.), writ denied, 617 So.2d 910 (La.1993). Phrases using the words "intentional" or "with specific knowledge" are not magical; their mere recitation does not transform the plaintiffs allegations into intentional acts. Gallon, 619 So.2d at 748; Williams v. Charity Hospital, 499 So.2d 1260, 1261 (La.App. 4th Cir.1986).
In this matter, after a thorough review of the record before us, we find that plaintiff has clearly raised several issues of negligence on the part of Time Saver. Requiring plaintiff to count large sums of cash in plain view of anyone who walks into the store (as plaintiff has alleged) is certainly careless behavior on the part of Time Saver. It invites a crime of opportunity, increases the likelihood of the store being robbed, and increases the likelihood of injuries to Time Saver employees as a result of a robbery. However, these acts, if proven, do not rise to the level of intent on the part of Time Saver to harm its employee, Ms. Blevins.
As stated by the Fourth Circuit in Adams v. Time Saver Stores, Inc., 615 So.2d 460, 464 (La.App. 4 Cir.1993), writ denied, 617 So.2d 910 (La.1993), "[t]he intentional act exception of LSA-23:1032 was never intended to make employers liable in tort for the random, independent, intervening, intentional acts of unrelated, unknown third parties such as the malefactors who so viciously abused [the plaintiff] in this case."
Pursuant to La. R.S. 23:1032B and the jurisprudence interpreting it, the only remedy available to Ms. Blevins is workers' compensation. The trial court was therefore correct in granting Time Saver's motion for summary judgment.
Accordingly, for the foregoing reasons, the October 7, 1998 judgment of the trial court, granting Time Saver's motion for summary judgment and dismissing plaintiffs demands herein, is hereby affirmed.
AFFIRMED.