776 So.2d 1262 (2000)
Gary CLARK
v.
DIVISION SEVEN, INC.
No. 99-CA-3079.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 2000.
Writ Denied March 16, 2001.
*1263 Sean P. Early, New Orleans, LA, Counsel for Plaintiff/Appellee.
David K. Johnson, Baton Rouge, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judges JOAN BERNARD ARMSTRONG and MICHAEL E. KIRBY.
KIRBY, Judge.
Defendant Division Seven, Inc. appeals the trial court's judgment in favor of plaintiff Gary Clark following the liability phase of this bifurcated trial.[1] The sole issue on appeal is whether plaintiffs injuries resulted from an intentional act under the exception to the exclusivity provision of the Louisiana Workers' Compensation Act. After review of the record and the applicable law, we affirm the trial court's judgment.
The only witnesses called to testify at trial were plaintiff and his co-worker, Robert Naquin. Their testimony revealed that on February 15, 1995, they were performing roofing work at a church located near Picayune, Mississippi for their employer, the defendant in this case. The foreman on this job was Sandroz Ray. On the date of the accident, there was light rain with occasionally heavy showers. Each time the rain became heavy, the three men came down off of the roof. According to the uncontroverted testimony of plaintiff and Naquin, Ray ordered them to return to their roofing work after each heavy shower lightened up. Both men protested to Ray several times that it was too dangerous to resume work on the slanted roof due to its wet and slippery condition following the rainfall. According to plaintiff and Naquin, Ray told them to return to their roofing work after the rain stopped or they would be fired.
After returning to the roof several times after heavy rain stopped, Naquin slipped on the roof and almost fell to the ground. Naquin's body from the chest down was off of the roof when he managed to grab on to a wooden block near the edge of the roof and avoid falling to the ground. The height of the church that was the site of the roofing job was described as almost that of a three story building. Following his narrowly averted fall, Naquin again *1264 complained to Ray of the danger of working on the wet, slippery roof. Ray reiterated to both men that they had the choice of returning to work or being fired. At that point, Naquin chose to be fired and left the work site.
Plaintiff remained at the site and continued his roofing work. Shortly after Naquin left the work site, plaintiff slipped on the wet roof and fell to the ground, sustaining serious injuries.
Plaintiff filed a petition for damages against defendant, alleging that the actions of his employer were intentional so as to allow him to sue his employer in tort. In its answer, defendant asserted that plaintiffs exclusive remedy as to defendant is under the Louisiana Workers' Compensation Act, and argued that plaintiffs tort claim should be dismissed.
By agreement of the parties, trial in this matter was bifurcated into liability and damages phases. Following trial on the liability issue, the trial judge rendered judgment in favor of plaintiff, finding that the actions of defendant's agent, Sandroz Ray, constituted an intentional act and that the intentional act of requiring plaintiff to work on a wet, slippery roof was the cause of plaintiffs injuries. Defendant appeals.
On appeal, the defendant argues that the trial court erred in finding that an intentional tort occurred such as to exempt the plaintiff from the exclusive remedy of the Louisiana Workers' Compensation Act. In the case of Gallon v. Vaughan Contractors, Inc., 619 So.2d 746, 748 (La.App. 4 Cir.1993), writ denied, 625 So.2d 1035 (La. 1993), this Court set forth the law regarding the intentional act exception to the exclusivity provision of the Louisiana Workers' Compensation Act as follows:
Under the worker's compensation scheme, employees have an exclusive remedy against employers for personal injuries arising out of and in the course of their employment. LSA-R.S. 23:1032. However, there is an exception to the exclusive remedy of worker's compensation when the employee's injury was caused by an "intentional act." LSA-R.S. 23:1031(B). "Intentional act," as used in the statute, means "intentional tort." "Intent," has been defined by the Louisiana Supreme Court, to mean "that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981). Since the inception of the intentional act exception, Louisiana courts have respected the underlying legislative policy, and thus, narrowly interpreted the exception.
To meet the criteria of the "substantially certain" prong of the Bazley test, jurisprudence requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to "inevitable," "virtually sure," and "incapable of failing." Additionally, even where a defendant's conduct is grossly negligent, this fact alone will not allow the imputation of intent. King v. Schuylkill Metals Corp., 581 So.2d 300 (La.App. 1st Cir.1991).
In the instant case, the defendant's agent, Sandroz Ray, ignored repeated reports from plaintiff and Naquin that the slanted portion of the roof that they were working on was wet and slippery. The uncontroverted testimony was that Ray continued to demand that plaintiff and Naquin return to the their roofing duties after each hard rainfall or they would be fired. Ray even made this demand after Naquin slipped on the wet roof and almost fell to the ground, despite the fact that the weather conditions and the condition of the roof remained the same. When Ray ordered plaintiff to return to the wet, slippery roof shortly after Naquin slipped and narrowly avoided falling to the ground, the circumstances indicated that injury to the plaintiff was inevitable or substantially certain to occur. Based on the record before us, we conclude that the trial court did not *1265 err in finding that the conduct of the defendant's agent constituted an intentional act that was the cause of plaintiff's injuries.
For these reasons, we affirm the trial court judgment.
AFFIRMED.
NOTES
[1] Trial in this matter was bifurcated into liability and damages phases. The judgment appealed from is on the issue of liability only. Under La. C.C. P. art. 1915A(5), this judgment is final and appealable, and the certification requirements of La. C.C. P. art. 1915B(1) do not apply in this situation.