861 So.2d 716 (2003)
Scott P. FAUST, Anthony J. Faust, Jr., Husband of/and Dianne Faust and Cassandra Thomas
v.
GREATER LAKESIDE CORPORATION, d/b/a Lakeside Shopping Center Inc., Causeway Associates, ABC Management Company, Vinson Guard Services, Inc., d/b/a Lakeside Security, Sbarro Inc., and Sbarro America Inc., both d/b/a Sbarro's Cafe', et al.
No. 2003-CA-0808.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 2003.
Rehearing Denied January 15, 2004.
*717 Jerome M. Volk, Jr., Michael E. Escudier, D'Aquila, Volk, Mullins & Contreras, Kenner, LA, for Plaintiff/Appellants, Scott P. Faust, Anthony J. Faust, Jr., Husband of/and Dianne Faust and Cassandra Thomas.
Adriel G. Arceneaux, Graham & Arceneaux, LLC, New Orleans, LA, for Defendant/Appellee, Vinson Guard Service, Inc.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
This is an appeal from the trial court's judgment dismissing the plaintiffs' case against Vinson Guard Services, Inc. ("Vinson") and its insurer. The case against these defendants was dismissed on the grounds of abandonment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
This case arises out of a robbery that took place in Lakeside Shopping Center in Metairie, Louisiana at Sbarro's Café ("Sbarro's") in the food court of the shopping center. Cassandra Thomas and Scott Faust were employees of Sbarro's, who were in the process of closing the restaurant for the evening when the restaurant was robbed by Benjamin Sanders and Merald Sampson, who were also Sbarro's employees. During the robbery, Mr. Faust and Ms. Thomas were stabbed and severely injured. Mr. Faust, certain of his family members, and Ms. Thomas sued a number of defendants, including Sbarro's, the shopping center, the perpetrators of the crime, Vinson, and several insurers.
The plaintiffs sought to hold Sbarro's vicariously liable under the doctrine of respondeat superior for the damages they suffered as a result of the criminal acts of the Sbarro's employees, Mr. Sanders and Ms. Sampson[1]. The plaintiffs also asserted claims against the shopping center, Sbarro's, and Vinson based on the *718 alleged failure of these parties to provide adequate security.
A number of the defendants filed a motion for summary judgment in this case, and the trial court judge granted the motion. The plaintiffs appealed that ruling, which was upheld by this Court on appeal. This Court held that Sbarro's was not liable for the intentional torts of its employees who robbed the restaurant and that the shopping center and Sbarro's did not commit an intentional tort by allegedly failing to provide adequate security measures to prevent the robbery. The plaintiffs filed a writ of certiorari with the Louisiana Supreme Court, requesting a review of this Court's decision on appeal. The writ was denied. Faust v. Greater Lakeside Corp., 98-2853 (La.App. 4 Cir. 9/12/01), 797 So.2d 748, writ denied, XXXX-XXXX (La.2/1/02), 808 So.2d 343.
Vinson was not involved in the appeal, and Vinson and its insurer are now the only defendants remaining in this case. All other defendants have either settled the plaintiffs' claims against them, or they have otherwise been dismissed from the case.
On July 3, 2002, Vinson and its insurer (collectively, the "Vinsons") filed an Ex-Parte Partial Motion for Abandonment and to Dismiss with Prejudice. The Vinsons alleged in the motion that no step had been taken for a period of three years in the trial court in the prosecution of this case with respect to the Vinsons. The plaintiffs filed a memorandum opposing the motion for abandonment, in which they claimed that they had been actively prosecuting the case on appeal during the prior three years. The trial court, however, granted the motion to dismiss without prejudice on the ground of abandonment. The plaintiffs then filed a motion to set aside the dismissal, and the trial court granted the motion. The case was reinstated. The Vinsons, however, filed a motion to reconsider the reinstatement of the case. The trial court granted the motion to reconsider, and the trial court ultimately determined that the plaintiffs' claims against the Vinsons had been abandoned. The suit against the Vinsons was again dismissed without prejudice. It is from this ruling that the plaintiffs are now appealing.

DISCUSSION
The sole issue on appeal is whether the plaintiffs' suit against the Vinsons was abandoned. It is undisputed that there was no activity in this case regarding the Vinsons for three years, but it is also undisputed that during that time, the plaintiffs were actively prosecuting an appeal with respect to other defendants in the case.

Standard of Review
The issue on appeal is a question of law. Therefore, this Court is required to determine whether the trial court applied the law appropriately. In Glass v. Alton Ochsner Medical Foundation, XXXX-XXXX (La.App. 4 Cir. 11/6/02), 832 So.2d 403, this Court discussed the scope of appellate review of issues of law. This Court stated:
The standard of review of appellate courts in reviewing a question of law is simply whether the court's interpretative decision is legally correct. Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709, 712 (La.App. 4 Cir.1992). Furthermore, if the decision of the district court is based on an erroneous application of law rather that on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983).
XXXX-XXXX, p. 3; 832 So.2d at 405. See also Sander v. Brousseau, XXXX-XXXX, p. 4 *719 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711, where this Court stated that "[a]ppellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct."

Louisiana Code of Civil Procedure Article 561[2]
La. C.C.P. art. 561 reads in relevant part as follows:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from the date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
....
In Clark v. State Farm Mutual Automobile Insurance Co., XXXX-XXXX, p. 6 (La.5/15/01), 785 So.2d 779, 784, the Louisiana Supreme Court discussed three legal requirements that La. C.C.P. art. 561 imposes on plaintiffs. The first requirement is that a plaintiff must take some step toward the prosecution of a lawsuit. The second requirement is that the step must be taken in the proceedings and appear in the record of the suit, unless the action is formal discovery. The third requirement is that the step must be taken within the legislatively prescribed time period from the last step taken by either the plaintiff or the defendant.
There are, however, two exceptions to the abandonment rule set forth in La. C.C.P. art. 561. The first exception is based on the concept of contra non valentem, and it is applicable in situations where the plaintiff is prevented by circumstances beyond the plaintiff's control from prosecuting a case. The second exception is applicable when the defendant waives the right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. XXXX-XXXX, p. 7; 785 So.2d at 784-85.
In the Clark case, the Supreme Court stated that "[t]he jurisprudence has uniformly held that La. C.Civ. Pro. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit." XXXX-XXXX, p. 8; 785 So.2d at 785. Additionally, the Supreme Court has declined to allow suits to be dismissed as abandoned based on technical formalities. XXXX-XXXX, p. 9; 785 So.2d at 786.
In the instant case, the last step taken in connection with the plaintiffs' claim against the Vinsons was the filing of two pleadings into the record on April 23, 1999. This step was taken by the Vinsons. One pleading was an opposition to the continuance *720 of a motion for summary judgment, which the Vinsons had filed against the plaintiffs, and the other pleading was a supplemental memorandum in support of the motion for summary judgment. The Vinsons contend that on April 24, 2002, the plaintiffs' claims against them were abandoned under La. C.C.P. art. 561, because neither the plaintiffs nor the Vinsons took any further steps in connection with the plaintiffs' claims against the Vinsons during the three year period that began on April 23, 1999.

Prosecution of the Case During Appeal
The plaintiffs argue that the record reflects that the case was actively being prosecuted during the three-year period that began on April 23, 1999, because an appeal was being pursued to reverse the trial court's decision in favor of some of the defendants. The Vinsons argue that the appeal did not affect the Vinsons and that, therefore, the case was abandoned as to the Vinsons when the plaintiffs did nothing to prosecute their case against the Vinsons in the trial court while the appeal was pending in connection with other defendants.
In James v. Formosa Plastics Corporation of Louisiana, 2001-2056 (La.4/3/02), 813 So.2d 335, the Louisiana Supreme Court considered whether the abandonment period was interrupted with respect to both co-defendants when an appeal was taken with respect to only one of the two defendants. The Supreme Court held that the abandonment period was not interrupted as to the defendant that was not involved in the appeal.
In the James case, the Supreme Court stated:
[I]t is clear that when all the parties were litigating this suit in the trial court prior to that court's ruling granting West-Paine's exception of prescription, the abandonment period was interrupted as to all parties when any party took formal action in the trial court.

The question remains, however, whether the abandonment period was interrupted as to Formosa when plaintiff took actions in the appellate courts to pursue her action against West-Paine following the trial court's dismissal of West-Paine on prescription grounds. We conclude that it was not.

2001-2056, p. 6; 813 So.2d at 339 (emphasis added). Applying this ruling to the instant case, it is clear that the plaintiffs' activity in pursuing an appeal against some of the defendants did not interrupt the abandonment period applicable to the Vinsons, who were not involved in the appeal.

Exception to La. C.C.P. art. 561 Based on Contra Non Valentum

The plaintiffs argue that a stay order prevented them from pursuing their claims against the Vinsons in the trial court during the pendency of the appeal involving other defendants in this case. Where a party is prohibited from taking a step in the prosecution of a case because of circumstances beyond that party's control, Louisiana courts have applied the doctrine of contra non valentem to interrupt the running of the abandonment period during the period of incapacity. The contra non valentem exception to the running of the abandonment period, however, contemplates a legal impediment that makes it impossible for a party to take the actions necessary to prevent the running of the abandonment period, and the exception has been given a very narrow scope[3]. *721 Deborah J. Juneau and Gayle M. Monica, Abandonment: An Evolving Concept of Liberative Prescription, 63 La. L.Rev. 341, 366-67 (2003).
In the instant case, a stay order was signed by the trial court on April 6, 1999, in connection with a writ application filed by the plaintiffs. On April 7, 1999, the Louisiana Supreme Court denied the writ application and denied the stay.
The stay order signed on April 6, 1999, is the only stay order in the record before us. While it is not completely clear from the record that the stay denied on April 7, 1999, was the same as the stay to which the April 6, 1999 order referred, we find it inconceivable that the plaintiff in an action can request a stay order, leave it in place for three years without taking any action to try to lift it, and then claim that the stay order prevented the case from being abandoned. Therefore, we find that the plaintiffs' claim that they were prevented by a stay order from taking steps to prosecute the instant case against the Vinsons is without merit.
We also note that the plaintiffs claim that the Vinsons' motion for abandonment was filed without the requisite affidavit that there had been no action taken in the instant case for a three-year period. La. C.C.P. art. 561(A)(2). We find this claim to be without merit, because the record contains such an affidavit that was filed by the Vinsons with their motion for abandonment.

CONCLUSION
Based on the foregoing, we find that the plaintiffs' suit against the Vinsons has been abandoned. Therefore, we affirm the trial court's decision and her judgment dismissing the plaintiffs' suit against the Vinsons without prejudice on the grounds of abandonment under La. C.C.P. art. 561.
AFFIRMED.
NOTES
[1] Mr. Sanders and Ms. Sampson pled guilty to their crimes and are now in prison serving a life sentence and a thirty-year sentence, respectively.
[2] For a comprehensive discussion of article 561 and the concept of abandonment, see Deborah J. Juneau and Gayle M. Monica, Abandonment: An Evolving Concept of Liberative Prescription, 63 La. L.Rev. 341 (2003).
[3] Only two circumstances have been found to comply with the requirements of the contra non valentem exception. The plaintiff must show that he was either serving in the United States military or confined to a mental institution. Id. at 366-67.