# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-664


MELODY P. SMITH

VERSUS

MARCUS SAM, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20144879
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion , and John E. Conery, Judges.

THIBODEAUX, Chief Judge, concurs in the result.


**AFFIRMED.**

**Gloria A. Angus**
**Angus Law Firm, LLC**
**P. O. Box 2337**
**Opelousas, LA 70571**
**(337) 948-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Melody P. Smith**

**Lance Edward Harwell**
**Staines & Eppling**
**3500 North Causeway Blvd. Suite 820**
**Metairie, LA 70002**
**(504) 838-0019**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Circle K Stores, Inc.**

**GREMILLION, Judge.**

Melody Smith,[1] the plaintiff-appellant, appeals the trial court's judgment granting summary judgment in favor of the defendant-appellee, Circle K Stores, Inc. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith, who was a manager-trainee of Circle K, was robbed at gunpoint by Marcus Sam while attempting to make a bank deposit for Circle K. Smith, who has collected workers' compensation benefits since the incident, filed a petition for damages against Sam and Circle K amongst others. Circle K thereafter filed an exception of no right of action/no cause of action and motion for summary judgment urging that Smith's only remedy existed in workers' compensation and that Smith would not be able to prove that an intentional tort was committed by Circle K. Smith filed an amended and supplemental petition alleging that the Circle K manager was "substantially certain" that Smith would be robbed after instructing Smith to make the deposit in front of Sam. The petition further alleged that Sam was the boyfriend of Smith's co-worker. Smith further claimed that the robbery was inevitable due to the announcement in front of customers. Smith's amended petition states:

> Circle K Stores committed intentional torts of assault and/or battery on Plaintiff, Melody Smith, because it was substantially certain that one within earshot of hearing that a person is making a money deposit to the bank would be robbed by an armed person, and as a consequence, it was substantially certain that its employee would be shot and wounded or killed in the process of a robbery.

Smith concedes that the manager did not intend for the robbery to occur but that she was substantially certain it would occur. At a December 2014 hearing, the trial court indicated that summary judgment was premature and that Smith should be allowed discovery before it ruled on the motion.

---

[1] Smith also filed suit on behalf of her children, Miranda Roberts, Keyana Freemen, and Peyton Jolivette.

In July 2016, after discovery deadlines had lapsed, Circle K filed another motion for summary judgment urging that Smith's tort claim was barred by the exclusive remedy provisions of the LWCA and that Smith had not "taken a single deposition, obtained a single affidavit, produced a public record or otherwise taken any action to support her claim of a conspiracy or to otherwise show that Circle K was substantially certain that Smith would be injured in a robbery."

Following an October 2016 hearing, the trial court rendered judgment in November 2016 granting summary judgment in favor of Circle K. Smith now appeals and assigns as error:

1. Granting a Summary Judgment in a case involving examination of a person's knowledge, intent or credibility when it was demonstrated by the plaintiff that the manager's intent was to bring about harm to the appellant; and

2. Granting a summary judgment after Appellant brought forth evidence to support her shifting burden of proof that a material issue of fact exists as to whether the managers' acts were intentional and the defendant's only arguments [sic] is that the plaintiff cannot prove her case.

## DISCUSSION

We review a trial court's grant of summary judgment de novo using the same legal standards applicable at the trial court level. *Lewis v. Old Republic Ins. Co.*, 17-456 (La.App. 3 Cir. 8/23/17), 226 So.3d 557. The mover bears the burden of proving that summary judgment should be granted in its favor, but if the mover will not bear the burden of proof at trial, it need only point out the other party's inability to prove an element of her case. La.Code Civ.P. art. 966(D)(1). The other party must provide some evidence establishing that a genuine issue of material fact exists such that summary judgment is inappropriate. *Id.*

2

Pursuant to La.R.S. 23:1032(A)(1)(a), an employee's exclusive remedy for accident or injury occurring in the workplace is via workers' compensation unless an intentional tort has been committed. The seminal case defining an intentional tort is *Bazley v. Tortorich*, 397 So.2d 475 (La.1981).

> The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.

*Id.* at 482 (citations omitted).

Even "reckless or wanton conduct or gross negligence" does not amount to intent. *Blevins v. Time Saver Stores, Inc.*, 99-383 (La.App. 5 Cir. 10/26/99), 746 So.2d 191, 193. The intentional act exception is narrowly construed. *Id.* The term "substantially certain" has been discussed by Louisiana courts numerous times, and it is clear that in order for an action to have been substantially certain to result in a certain consequence, the outcome must have been "nearly inevitable," "virtually sure," and "incapable of failing." *Id.* at 193.

We have reviewed the record and find that Smith has not produced any evidence whatsoever to suggest, much less prove, that an intentional tort occurred, despite being given ample time to do so. Instead, we have multiple assertions in various documents filed by Smith that are unsupported by any type of evidence. Smith's brief lists eleven "material issues of disputed facts" alleging things that the store manager knew such as:

1. The Circle K store manager told Appellant to make the deposit on September 21, 2013, the day of the robbery because the Circle K manager was certain that she (Circle K manager) would be robbed that same day by that robber, Marcus Sam;

2. Circle K manager, as well as any reasonable prudent person, is certain that if you tell a robber the date, time and place of your next deposit, that the same robber will rob you.

3. The Circle K manager, as well as the general public, knows that Marcus Sam is a known drug abuser;

4. The Circle K manager, as well as the general public, knows that the robber is a known criminal;

5. The Circle K manager, as well as the general public, knows that the robber commits all types of criminal activities to support his drug addiction;

6. The Circle K manager knows that, given the opportunity, the robber would rob anyone to support his drug addiction;

(Footnotes omitted).

Smith further makes assertions referencing Sam's sentencing hearing where it was determined that he was in the store and was a known habitual offender. Smith claims the "Store manager knew that Melody Smith would be robbed by Marcus Sam after she instructed Melody Smith to make the deposit in front of Marcus Sam." However, she produces no evidence whatsoever such as an affidavit or deposition testimony of any person or employee, including the store manager who is referenced by her first name only.

Even if we accepted Smith's argument as true that the store manager requested in front of store patrons that Smith make the deposit, this act would not rise to the level of an intentional act required to circumvent the application of the exclusive remedy of workers' compensation. There simply is no evidence in the record to suggest what the store manager knew or intended. Smith then makes various allegations that "everyone" knows Sam is a drug addict who will do anything to support his habit and, therefore, the store manager should have known Smith would

be robbed.  Again, however, there is no evidence of what the store manager knew, only various unsubstantiated allegations by Smith.

The record is devoid of any evidence indicating that the Circle K store manager intended or was substantially certain that Smith would be robbed by Sam while making a deposit at the bank.  Smith has failed to show that a genuine issue of material fact exists.  Accordingly, the trial court did not err in granting summary judgment in favor of Circle K.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of Circle K Stores, Inc. is affirmed.  All costs of this appeal are assessed against plaintiff-appellant, Melody Smith

**AFFIRMED**.